UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW HODGE,

                                Petitioner,

       -vs-

WILLIAM P. BARR, U.S. Attorney
General of the United States; JEFFREY
SEARLS, Facility Director, Buffalo
Federal Detention Facility,

                               Respondents.

**No. 6:19-cv-06630-MAT**
**DECISION AND ORDER**

## I. Introduction

Proceeding pro se, Andrew Hodge ("Hodge" or "Petitioner") commenced this habeas proceeding against the named Respondents (hereinafter, "the Government") pursuant to 28 U.S.C. § 2241 ("§ 2241") challenging his continued detention in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). For the reasons discussed below, the request for a writ of habeas corpus is denied, and the Petition (ECF #1) is dismissed without prejudice.

## II. Factual Background and Procedural History

Hodge is a native and citizen of St. Kitts-Nevis who was granted lawful permanent residence ("LPR") status on April 15, 1983. On or about April 22, 1983, Hodge was was admitted to the United States as an IR-6 visa holder (immigrant visa for spouse of

1

United States citizen).

Between 1980 and 2009, Hodge sustained convictions in California and Tennesee for, among other things, fraud, stolen property, and forgery in California and Tennessee.

Following a January 2015 arrest in Tennessee, Hodge was served with a Notice to Appear ("NTA") charging him with being subject to removal from the United States pursuant to Immigration and Nationality Act ("INA") 237(a)(2)(A)(iii), 8 U.S.C. 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in INA § 101(a)(43)(R), 8 U.S.C. § 1101(a)(43)(R), a law relating to an offense relating to commercial bribery, counterfeiting, forgery, or trafficking in vehicles the identification numbers of which have been altered for which a term of imprisonment is at least 1 year.

On April 28, 2015, an immigration judge ("IJ") ordered Hodge removed from the United States to St. Kitts. Hodge filed an appeal of the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal on August 14, 2015. On or about April 26, 2016, DHS removed Hodge from the United States.

On May 29, 2018, United States Customs and Border Protection ("CBP") encountered Hodge as an applicant for admission to the United States under the Visa Waiver Program at the Peace Bridge Port of Entry in Buffalo, New York. He was traveling on a commercial bus and told the CBP officer that he was going to

Brooklyn, New York to visit family and had never lived in the United States. In completing the CBP Form I-94W, he claimed he had never been arrested. These statements were refuted by CBP's initial records-check. After being confronted with this information, Hodge admitted that he did not answer the questions truthfully.

On May 30, 2018, Hodge was arrested and charged in this Court by means of a criminal complaint, with making materially false and fictitious statements, in violation of 18 U.S.C. § 1001(a)(2). He then was placed in the custody of the United States Marshal Service. On January 25, 2019, Hodge was convicted as charged and sentenced to time served.

Hodge was placed in DHS custody on January 25, 2019, and served with a Notice of Referral to Immigration Judge for asylum-only proceedings. Hodge did not file a formal asylum application and withdrew his asylum-related claim through his attorney by a letter dated May 3, 2019. On May 17, 2019, an IJ issued an order that deemed Hodge's unfiled application for relief from removal as abandoned and withdrawn. Hodge appealed the IJ's order to the BIA.

On July 12, 2019, the BIA denied Hodge's motion to reopen his 2015 immigration removal proceedings as untimely and denied his request for a stay of removal.

In a decision dated October 10, 2019, the BIA dismissed Hodge's appeal and denied his motion for remand. The BIA concluded

that Hodge's asylum claim was withdrawn and properly deemed abandoned before the IJ. DHS is in possession of Petitioner's valid passport and had scheduled his removal for November 13, 2019.

On November 1, 2019, Hodge filed a Petition for Review ("PFR") of the BIA's order. Petitioner also filed a motion for stay of removal with the Second Circuit on November 4, 2019. Because he filed a stay motion, DHS is presently prevented from executing the immigration order of removal due to the forbearance agreement between DHS and the Second Circuit.

Hodge filed his Petition (ECF #1) on August 26, 2019, and subsequently filed a Motion to Appoint Counsel (ECF #6). The Government filed a Motion to Dismiss the Petition (ECF #8), arguing that his due process challenge to his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001), is premature because the 90-day period of mandatory detention under expiration of 8 U.S.C. § 1231 and the subsequent "presumptively reasonable" six-month period have not yet expired. Petitioner filed a Reply (ECF #11).

**III. Scope of Review**

Title 28 U.S.C. § 2241 grants this Court jurisdiction to hear habeas corpus petitions from aliens claiming they are held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Zadvydas, 533 U.S. at 687 (citing 28 U.S.C. § 2241(c)(3)). However, the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a), 199 Stat. 231 (May 11, 2005) amended the

4

Immigration and Nationality Act ("INA") to provide that petitions for review filed in the appropriate Courts of Appeals were to be the "sole and exclusive means for judicial review" of final orders of removal. Ruiz-Martinez v. Mukasey, 516 F.3d 102, 113 (2d Cir. 2008) (citing REAL ID Act § 106(c); 8 U.S.C. § 1252(a)(5)). In other words, the REAL ID Act "strips district courts of jurisdiction to hear habeas petitions challenging final orders of deportation. . . ." De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 615-16 (2d Cir. 2007). District courts still are empowered to grant relief under § 2241 to claims by aliens in removal proceedings that their detention and supervision are unconstitutional. See Zadvydas, 533 U.S. at 687-88; see also Hernandez v. Gonzales, 424 F.3d 42, 42–43 (1st Cir. 2005) ("The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, . . . [but] those provisions were not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'") (quoting H.R. Cong. Rep. No. 109-72, at *43 2873 (May 3, 2005)).

Although this Court has jurisdiction to decide statutory and constitutional challenges to civil immigration detention, it does not have jurisdiction to review the discretionary decisions of the Attorney General. Zadvydas, 533 U.S. at 688 (citing 8 U.S.C. § 1252(a)(2)(B)(ii)) ("[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . .

5

the authority of which is specified under this subchapter to be in the discretion of the Attorney General."). "[W]hether the district court has jurisdiction will turn on the substance of the relief that a [petitioner] is seeking." Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam).

**IV. Discussion**

The Court first considers the statutory basis for Falodun's detention. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008) (noting that to determine whether detention of an alien is authorized, threshold question is where to "locate [him or her] . . . within the complex statutory framework of detention authority provided by Sections 236 and 241 of the Immigration and Nationality Act, codified at 8 U.S.C. §§ 1226 and 1231").

"The distinction between § 1226 and § 1231 essentially comes down to whether an alien is subject to a final order of removal." Enoh v. Sessions, 236 F. Supp.3d 787, 793 (W.D.N.Y. 2017), appeal withdrawn, No. 17-1236, 2017 WL 6947858 (2d Cir. Dec. 7, 2017). Title 8 U.S.C., § 1231(a)(1)(A) provides for a 90-day removal period, during which the Government "shall detain," id. § 1231(a)(2), an alien "ordered removed," id. § 1231(a)(1)(A).

The statute specifies that the removal period begins on the latest of the following events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if

> a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day period of mandatory detention, the Government has the discretion to release the alien or continue to detain him or her. See 8 U.S.C. § 1231(a)(6) (stating that an alien ordered removed "may be detained beyond the removal period").

The Second Circuit has held that immigrants who have filed petitions for review with a circuit court of appeals and have received an order granting their stay motions are not detained under 8 U.S.C. § 1231 ("Section 1231") but instead are detained under 8 U.S.C. § 1226 ("Section 1226"). Hechavarria v. Sessions, 891 F.3d 49, 55 (2d Cir. 2018), as amended (May 22, 2018). This Court recently extended Hechavarria's holding to aliens, like Hodge, who have not been granted a formal stay from the Second Circuit but whose removal is effectively stayed by operation of the forbearance policy. Falodun v. Session, No. 6:18-CV-06133-MAT, 2019 WL 6522855, at *6 (W.D.N.Y. Dec. 4, 2019) (citations omitted). Therefore, the Court finds that Hodge is not detained under § 1231.

A question remains, however, as to what statute does authorize his detention, particularly in light of the fact that he was not placed into removal proceedings via a Notice to Appear. Rather, after he presented to border authorities as an applicant for the

7

Visa Waiver Pilot Program, it was determined that he was proffering fraudulent identification documents. He then was served with a Form I-863 Notice of Referral to Immigration Judge and placed in asylum-only proceedings. See Liu v. Gonzales, 181 F. App'x 52, 54 (2d Cir. 2006) (summary order) ("Under 8 C.F.R. § 217.4(a)(1), an applicant for the VWPP, who is found to be ineligible for the program and applies for asylum, is issued a Form I-863, Notice of Referral to Immigration Judge, and placed in asylum-only proceedings. See 8 C.F.R. § 217.4(a)(1) & (b)(1). According to the BIA's interpretation, 'the provisions of 8 C.F.R. § 217.4 are not limited to aliens who are actually nationals of VWPP designated countries, but specifically encompass individuals who present fraudulent and counterfeit travel documents from such countries.'") (quoting In re Kanagasundram, 22 I. & N. Dec. 963, 964 (BIA 1999)).

It is an unsettled question as to which statute authorizes such aliens' detention. See, e.g., Bacuku v. Aviles, No. CV 15-2543 (MCA), 2016 WL 818894, at *6 (D.N.J. Mar. 2, 2016) (petitioner, a VVWP violator, argued that his pre-removal detention was authorized by § 1226, while the Government argued he was detained solely at ICE's discretion pursuant to 8 U.S.C. § 1187; district court did not need to decide question because it found that, as a due process matter, the petitioner's more-than-23-month detention had become unreasonably prolonged).

Here, Hodge has been detained for just shy of 12 months.

"[T]he sheer length of the proceedings is not alone determinative of reasonableness." Debel v. Dubois, No. 13-CV-6028 (LTS)(JLC), 2014 WL 1689042, at *5 (S.D.N.Y. Apr. 24, 2014). Courts in this Circuit routinely have found periods of detention comparable to or greater than Hodge's to be constitutional. See, e.g., Richardson v. Shanahan, No. 15 CIV. 4405 AJP, 2015 WL 5813330, at *6 (S.D.N.Y. Oct. 6, 2015) (citing Hylton v. Shanahan, 15 Civ. 1243, 2015 WL 36044328, at *1, *5-6 (S.D.N.Y. June 9, 2015) (23-month detention constitutional); Baker v. Johnson, 2015 WL 2359251, at *13 (11-month detention at time of filing and likely 15 to 17-month total detention constitutional); Vaskovska v. Holder, No. 14–CV–270, 2014 WL 4659316, at *1–*4 (W.D.N.Y. Sept. 17, 2014) (15 month detention by date opinion issued constitutional); Debel, 2014 WL 1689042, at *6 (18-month detention constitutional even though total detention time ultimately was "likely" to exceed 2 years); Johnson, 942 F. Supp.2d, at 408-10 (15-month detention constitutional); Johnson v. Phillips, No. 10–CV–480, 2010 WL 6512350 at *6-*7 (W.D.N.Y. Dec. 20, 2010) (17-month detention), *report & rec. adopted*, 2011 WL 1465448 (W.D.N.Y. Apr. 18, 2011); Luna–Aponte v. Holder, 743 F. Supp.2d 189, 197 (W.D.N.Y. 2010) (detention for over 3 years constitutional); Adreenko v. Holder, 09 Civ. 8535, 2010 WL 2900363, at *3–*4 (S.D.N.Y. June 25, 2010) (13-month detention constitutional); Adler v. U.S. Dep't of Homeland Sec., 09 Civ. 4093, 2009 WL 3029328, at *2 (S.D.N.Y. Sept. 22, 2009) (15-month

9

detention constitutional)).

Moreover, the record fails to indicate that Hodge's continued detention will last indefinitely or that his ultimate removal is unlikely; if Hodge's petition for review is denied and a final order of removal is entered against him, there do not appear to be any institutional or other barriers to his deportation. Young v. Aviles, 99 F. Supp.3d 443, 456 (S.D.N.Y. 2015) (citing Johnson v. Orsino, 942 F. Supp.2d 396, 410 (S.D.N.Y. 2013) ("[T]here is no indication that Johnson's continued detention pending resolution of his appeal to the BIA will last indefinitely or for a lengthy period of additional time. Significantly, if Johnson's appeal is denied and a final order of removal is entered against him, there will be no impediment to his deportation."); other citations omitted). DHS indicates that it does not anticipate any institutional barriers to Hodge's removal. DHS is in possession of Hodge's valid passport, and he previously was removed without incident from the United States to St. Kitts by DHS in April 2016.

The totality of the circumstances leads the Court to conclude that his detention without a bond hearing has not crossed the line into a due process rights violation at this point in time. "If, at some point in the future, there are factors involving the length of his detention [which] implicate constitutional concerns, the petitioner is entitled to file another habeas petition." Andreenko v. Holder, No. 09CIV8535CMJCF, 2010 WL 2900363, at *4 (S.D.N.Y.

June 25, 2010) (citing <u>Sulayao v. Shanahan</u>, No. 09 Civ. 7347, 2009 WL 3003188, at *8 (S.D.N.Y. Sept. 15, 2009); <u>Samuel v. Immigration and Naturalization Service</u>, No. 01 Civ. 3413, 2005 WL 120221, *2 (S.D.N.Y. Jan. 20, 2005) (denying habeas petition without prejudice to re-filing once stay of deportation lifted, when petitioner will have "burden of showing that there is good reason to believe that there is no significant likelihood of removal in the near future").

**V. Conclusion**

For the foregoing reasons, the Petition is dismissed without prejudice, and the Motion to Appoint Counsel in connection with this proceeding is denied as moot. To the extent Hodge seeks an order staying his removal from the United States, the Court is without jurisdiction to consider such a request. <u>See</u>, <u>e.g.</u>, <u>Meleance v. Bd. of Immigration Appeals</u>, 363 F. App'x 765, 766 (2d Cir. 2010) (unpublished opn.) Accordingly, the request for a stay is denied with prejudice. The Clerk of Court is directed to close this case.

**SO ORDERED.**

*s/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: January 14, 2020
Rochester, New York.